OPINION
{¶ 1} In March 2000, defendant, Tracy S. Dalton, was indicted and charged with one felony count of domestic violence and one count of felonious assault. Defendant was again indicted in August 2000, and charged with an additional felony count of domestic violence and one felony count of abduction. Both indictments were the result of attacks by the defendant upon the same victim.
{¶ 2} Defendant entered guilty pleas to the two counts of domestic violence in violation of R.C. 2919.25. The trial court accepted defendant's pleas and sentenced defendant to serve five years of community control. However, the court ultimately revoked defendant's community control as a result of defendant's refusal to abide by the terms and conditions of that control. The court thereafter sentenced defendant to serve two consecutive eleven-month sentences on each domestic violence charge.
{¶ 3} Defendant subsequently appealed his conviction, and on September 27, 2001, this court remanded the matter to the trial court for re-sentencing. State v. Dalton (Sept. 27, 2001), Franklin App. No. 01AP-431. On remand, the trial court imposed the same sentence. Defendant now appeals his re-sentencing and raises the following assignment of error:
{¶ 4} "The court failed to provide adequate findings and to sufficiently state its reasoning supporting the imposition of consecutive sentences."
{¶ 5} By this assignment of error, defendant argues that the trial court failed to make the statutory findings required by R.C. 2929.14(E)(4) before lawfully ordering him to serve consecutive sentences.
{¶ 6} When "sentencing a felony offender, a trial court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing, i.e., protecting the public from future crime by the offender and others and punishing the offender." State v. Hough (Nov. 23, 1999), Franklin App. No. 99AP-238. In doing so, the trial court must consider the need for rehabilitation and restitution, and to prevent future crime. In addition, the court must impose a sentence that is commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact upon the victim or victims. Id.
{¶ 7} A trial court has broad discretion when sentencing within the statutory guidelines, such that a reviewing court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is contrary to law. State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195.
{¶ 8} Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for conviction of multiple offenses if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 9} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
{¶ 10} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 12} When a trial court imposes consecutive sentences under R.C. 2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which mandates that the court "make a finding that gives its reasons for selecting the sentences imposed." R.C. 2929.12(A) confers upon the trial court discretion over how to effectively comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A) further provides that in the exercise of such discretion, courts must consider the applicable aggravating and mitigating factors in the statute.
{¶ 13} The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v. Rich (Oct. 30, 2001), Pickaway App. No. 00CA46. Thus, after the court has made the required findings under R.C. 2929.14, it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. Id.; see, also, State v. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549. The findings mandated by R.C. 2929.14(E)(4) and2929.19(B)(2) must appear somewhere in the record of sentence, either in the judgment entry or in the transcript of the sentencing hearing. State v. Fitzpatrick (Dec. 1, 2000), Lake App. No. 99-L-164. A trial court's failure to sufficiently state its findings and reasons requires remand for re-sentencing. State v. Steele (June 28, 2001), Franklin App. No. 00AP-499. However, although we find it preferable for the trial court to incorporate its findings and reasoning in the sentencing entry, that information need not be specified in the entry so long as they are discernible from the record as a whole. See, also, State v. Hess (May 13, 1999), Franklin App. No. 98AP-983.
{¶ 14} In the instant case, the trial court's judgment entry contains a recitation that the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12, and weighed the factors set forth in R.C. 2929.13
and 2929.14. The entry also contains the court's findings that consecutive terms are necessary to protect the public and to punish the defendant for the reason that the charges each arise out of separate acts of violence against the same victim. The court also concluded that the sentence is not disproportionate to defendant's repeated conduct and to the danger the defendant poses to the public. In addition, the court found that defendant's repeated harm is such that no single term would adequately reflect the seriousness of his actions.
{¶ 15} The transcript of the sentencing hearing contains the following additional observations by the court:
{¶ 16} "For the record, the court is finding pursuant to2929.14(E)(3) that it is necessary to protect the victim, as a representative of the public, and to punish the offender for the repeated domestic violence against the same victim. And I am finding that this sentence is not disproportionate to his conduct. And I am finding he poses a danger to the specific victim in these cases * * * the victim in both of these cases.
{¶ 17} "The reason that they were over here in the first place instead of in Municipal Court was because she was a previous victim in Municipal Court. So I've got two repeated offenses here. I am finding your criminal history shows that consecutive terms are needed to protect the public, and especially [the victim].
{¶ 18} "Interestingly enough, for the record, the court has become aware that shortly after these sentences were imposed, or shortly after these incidents were committed [the defendant] picked up some additional felony charges which remain pending in other branches of this court at this time.
{¶ 19} "But for the record, that is not weighing into my sentencing in any regard. So I am imposing consecutive sentences." (Dec. 19, 2001 Tr. at 6-7.)
{¶ 20} As evidenced by the foregoing, the trial court, in imposing consecutive sentences, expressly found under the unlettered provisions of R.C. 2929.14(E)(4) that consecutive sentences were necessary to protect the public and particularly the victim from future harm at defendant's hands. The court also found that consecutive sentences are not disproportionate to the seriousness of defendant's conduct and further found, under R.C. 2929.14(E)(4)(c), that defendant's history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public from future crime. Finally, we observe that although it did not go on at length, as noted above, the court did give its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c).
{¶ 21} Accordingly, for the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and DESHLER, J., concur.